IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CRIMINAL NO. 3:95-CR-359-D(1) |
| | § | |
| PAUL LOVELL WEBB, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Paul Lovell Webb ("Webb") has filed a December 27, 2017 *pro se* motion/request for final disposition pursuant to Interstate Agreement on Detainers Act (IADA) and resolution of speedy trial pursuant to the Sixth and Fourteenth (Section 1) amendments of the Constitution of the United States. For the reasons that follow, the court denies the motion.

Webb pleaded guilty to the offense of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). He was sentenced to 121 months' imprisonment, followed by a five-year term of supervised release. His term of supervised release began February 28, 2005. In response to the petition of a United States probation officer, the court on July 1, 2009 ordered that a violator's warrant be issued because, among other things, Webb had been charged in the Eastern District of Texas with conspiring to possess with intent to distribute cocaine. Webb was convicted of that offense on April 9, 2010, and he is currently serving a 131-month sentence. Webb asserts that, on November 9, 2010, the United States Marshals Service placed a detainer against him with the Bureau of Prisons for the violator's warrant issued by this court. He seeks a disposition and resolution of the supervised release matter under that warrant pursuant to the Interstate Agreement on Detainers Act ("IADA") and a right to a speedy trial. The

court denied Webb's prior motion for the dismissal of the supervised release violator's warrant and detainer, or, alternatively, for an immediate revocation hearing.

Webb is not entitled to a disposition of the warrant and detainer under the IADA. The IADA provides that a defendant must be brought to trial within 180 days of a proper request for disposition of an indictment or detainer. *United States v. Burnias*, 2007 WL 1813195, at *2 (S.D. Tex. June 21, 2007) (citing *Lara v. Johnson*, 141 F3d 239, 242 (5th Cir. 1998)). This requirement does not apply to detainers for violations of supervised release. *Id*. (citing *Carchman v. Nash*, 473 U.S. 716, 725 (1985)) (holding that this provision of IADA does not apply to detainers based on probation violation charges).

Webb is not entitled to a speedy trial regarding alleged violations of supervised release. Under the Sixth Amendment, a defendant has a right to a speedy trial "in all criminal prosecutions[.]" A proceeding regarding a revocation of supervised release is not a criminal prosecution, and there is no Sixth Amendment right to a speedy revocation proceeding. *United States v. Poe*, 2005 WL 2171888, at *1 (S.D. Tex. Sept. 6, 2005) (citing *United States v. Tippens*, 39 F.3d 88, 89-90 (5th Cir.1994)).

> It is well-settled that there is no bar to the simultaneous lodging of a federal detainer and a refusal to accept custody of a prisoner until his present confinement has been completed. *See Saulsberry v. U.S.*, 591 F.2d 1028 (5th Cir. 1979), *cert. den.*, 444 U.S. 857, 100 S.Ct. 118 (1979). A parole/supervised release violator's warrant may be held in abeyance while he serves his sentence under an intervening conviction (the occurrence of which prompted the issuance of the violator's warrant), and may be executed following completion of ths intervening sentence. *Cook v. U.S. Atty. Gen.*, 488 F.2d 667, 670–671 (5th Cir. 1973), *cert. den.*, 419 U.S. 846, 95 S.Ct. 81 (1974), and cases cited therein. A parole/supervised release violator's warrant is executed when the parolee is retaken and returned to federal custody pursuant to it. But the return to federal custody must be by virtue of the parole violator's warrant, and not

> under a new intervening sentence for recent crimes. *Cook*, 488 F.2d at 671, and cases cited therein. It is the execution of the warrant that is the operative factor in triggering the availability of the revocation hearing. *Cook*, 488 F.2d at 671, and cases cited therein.
>
> Moreover, the Constitution does not mandate that a parole/supervised release violation warrant be executed prior to completion of a subsequent sentence. Parole authorities are free to defer a final decision on parole/supervised release revocation until expiration of the subsequent sentence. *Russo v. Johnson*, 129 F. Supp. 2d 1012, 1019–1020 (S.D. Tex. 2001), citing *Moody v. Daggett*, 429 U.S. 78, 87, 97 S.Ct. 274 (1976). Therefore, due process does not require that [a prisoner] be afforded a revocation hearing while he serves an intervening sentence.

*Keith v. Warden*, 2011 WL 4551466, at *1-2 (W.D. La. Sept. 7, 2011), *rec. adopted*, 2011 WL 4551420 (W.D. La. Sept. 29, 2011).

Webb returned to federal custody under a new intervening sentence imposed by the Eastern District of Texas. There is no requirement that the violator's warrant be executed and that Webb be given a revocation hearing before the Eastern District of Texas sentence expires. *See id.* Accordingly, Webb's December 27, 2017 *pro se* motion/request for final disposition is denied.

**SO ORDERED**.

February 8, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE